■ 5 EAST 59TH STREET HOLDING COMPANY, LLC, Respondent, v FARMERS AND MERCHANTS BANK OF EATONTON, GEORGIA, Appellant. [816 NYS2d 68]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered July 11, 2005, which awarded plaintiff the principal sum of $39,546.46, unanimously affirmed, with costs.

The parties entered into an agreement in December 2003, modifying a $298,200 irrevocable letter of credit issued by defendant bank for the benefit of plaintiff landlord in order to secure the obligations of a tenant named Eberhard. The letter of credit was initially payable by sight draft. The agreement at issue provided a new procedure for additional draws against defendant's obligation to make payments to plaintiff under the letter of credit. Thus, a letter on behalf of plaintiff contained a detailed breakdown of any additional sums that were due and owing under the lease. Plaintiff complied with the requirements of the agreement, and the motion court correctly determined that plaintiff was entitled to the additional draw-down demand in the principal amount at issue.

Contrary to defendant's argument, there is no language in the agreement requiring plaintiff to establish its actual damages under the lease. Moreover, a letter of credit is separate and apart from the underlying contract, and a bank that wrongfully dishonors a letter of credit is precluded from introducing evidence as to the beneficiary's actual damages (see *Hellenic Republic v Standard Chartered Bank*, 244 AD2d 240, 241 [1997], *lv denied* 91 NY2d 811 [1998]).

Although it is not necessary to our decision, we note that plaintiff did not fraudulently attempt to obtain a windfall with its demand for an additional draw-down on the letter of credit. The mere fact that plaintiff was able to relet the premises does not establish fraud. Plaintiff gave the new tenant a six-month rent concession as an inducement to enter into the lease. Because plaintiff would not receive any rent from the new tenant between December 2003 and June 2004, it did not receive a windfall for unpaid rent for the period January through March 2004.

We have reviewed defendant's remaining arguments and find them without merit. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.